Daniel L. Donohue v. Commissioner.
Donohue v. Commissioner
Docket No. 30613.
United States Tax Court
1952 Tax Ct. Memo LEXIS 195; 11 T.C.M. (CCH) 530; T.C.M. (RIA) 52168; May 29, 1952
*195 James J. Waters, Esq., for the petitioner. David Karsted, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for the year 1945 in the amount of $997.92. The petitioner contends that there is no deficiency and that he has overpaid tax in the amount of $1,592.82. The petitioner contends that the respondent erred in disallowing deduction in the amount of $1,831.66 which was deducted as a business expense. In his petition, the petitioner claimed that income for 1945 had been overstated in the amount of $3,125.40. Findings of Fact The petitioner is a resident of Southwest City, Missouri. He filed his return for 1945 with the collector for the sixth district of Missouri. In July of 1944 the petitioner entered upon the operation of a retail liquor business. He sold liquor at a store which was located near the town of Opolis, Kansas, on the Kansas state line. He did business under the name of Mac's Package Store. At that time he was unable to obtain a license to sell whiskey at retail under his own name and, therefore, a liquor license was taken out by an employee, William *196 Mitchell. In June, 1945, the petitioner obtained a liquor license under his own name. The retail liquor business was carried on by the petitioner during all of the taxable year 1945 and during six months of 1944. The petitioner reported income from the sale of liquor on the basis of inventory at the beginning and end of the year and the cost of goods sold. In 1944, whiskey was hard to secure because of wartime restrictions. The petitioner's brother, Timothy, was related by marriage to Claude Woodruff. Woodruff was not a retailer and could not sell whiskey. Woodruff was able, however, to obtain whiskey from a warehouse in 1944. Woodruff lived in Springfield, Missouri. He had been engaged in the business of selling Chevrolet automobiles, but in about July of 1944 he was not engaged in any business. Woodruff at one time purchased 18 shares of stock in a corporation which sold liquor. The corporation may have been the American Distilling Company. At sometime the American Distilling Company paid dividends to its stockholders in the form of whiskey, allowing one barrel for each share of stock. Woodruff told the petitioner, or his brother, Timothy, that he had access to whiskey because *197 of the distribution in kind to stockholders of the American Distilling Company, and that the whiskey dividend of barrels could be exchanged on the basis of 18 cases of whiskey per barrel. In the fall of 1944 the petitioner made arrangements with Woodruff, through his brother, Timothy, to obtain whiskey from various wholesale warehouses. Timothy acted as a "go-between," and he was the one who made the deal possible. The petitioner made payments for whiskey, under the arrangement, by checks made payable to his brother, Timothy, who endorsed the checks and gave them to Woodruff. In the income tax return for 1944, for the period July-December, in which income from the operation of Mac's Package Store was reported, there was included in "Other Costs" the "cost of rights of American Distilling stock on 600 cases of whiskey" in the amount of $5,268.79. By check of Mac's Package Store dated November 25, 1944, payable to Timothy Donohue, $1,250 was paid for "stock shares." During 1945, under the above agreement, payment was made by Mac's Package Store, by checks dated February 10, 1945, and March 30, 1945, payable to Timothy Donohue, in the total amount of $3,225.40. The checks were endorsed *198 by Timothy Donohue and Claude Woodruff. Opinion The petition in this proceeding presented two issues. One of the issues, whether the petitioner's income for 1945 was overstated in the amount of $3,125.40, has been abandoned by the petitioner. No evidence was introduced under this issue. The only question to be decided is whether the respondent correctly disallowed deduction of an alleged business expense in the amount of $1,831.66. The issue to be decided relates to the cost of merchandise sold by Mac's Package Store. The petitioner's contention at the trial of this proceeding was that payments in the total amount of $3,225.40 which he made in 1945, constituted business expense which was deductible in 1945. Although the record in this proceeding does not explain how the figure $1,831.66 relates to the total payments made in 1945 in the amount of $3,225.40, we understand from the statement attached to the notice of deficiency that the smaller sum is probably covered by the actual payments made in 1945. The petitioner has the burden of proof. The respondent has determined that the petitioner purchased, in 1944, whiskey rights at a cost of $7,100.45; that $5,268.79 was paid during *199 1944. and that the balance, $1,831.66, was paid in 1945. The deduction claimed in the return for 1945 was denied for lack of substantiation. The petitioner's records are incomplete. Invoices for the purchase of whiskey in 1944 and 1945 were stored but were destroyed by rats, and the petitioner was unable to present evidence to show the terms under which he purchased whiskey during 1944 and 1945. The evidence which was introduced by the petitioner was hearsay, in part. The small and fragmentary evidence which he presented is insufficient to support his contention that his expenditures in 1945 to the extent of at least $1,831.66 are deductible in 1945. If the petitioner entered into an agreement in 1944 under which title to cases of whiskey or to rights to obtain whiskey became vested in him in 1944, and if he reported income on an accrual basis, he should have accrued the entire cost of the whiskey or the rights to whiskey in 1944. One of the questions which appears to be involved is whether the petitioner purchased stock rights which entitled him to withdraw cases of whiskey from wholesale warehouses. We cannot determine from the fragmentary evidence before us whether the petitioner's *200 agreement with Woodruff related to the purchase of stock rights to obtain whiskey dividends, or to purchase the merchandise itself, i.e., cases of whiskey. In the income tax return for 1944 (Exhibit A) there was included in "Other Costs" the cost of rights of American Distilling stock on 600 cases of whiskey in the amount of $5,268.79. From this item in the return for 1944, it appears that the petitioner actually accrued the cost of whiskey rights in 1944 and, thereby, took the entire item of cost into account in computing taxable income for 1944. Therefore, it appears that another question in this proceeding is whether the deduction claimed in 1945 in the amount of $1,831.66, or more, represents a double deduction for the same item of cost. Another question is whether the petitioner is actually claiming a deduction in the amount of $3,225.40, the total amount of the checks which were made payable to Timothy Donohue during 1945. The scope of the issue which the petitioner wishes to have this Court decide is not clear. The evidence is inadequate, and the petitioner has failed to meet his burden of proof. The Court indicated at the conclusion of the trial of this proceeding that there *201 was failure of proof. However, the petitioner was allowed the customary time within which to file his brief. No brief has been filed for the petitioner. The Court has considered the evidence which has been presented and the pleadings and has endeavored to give the petitioner the full consideration to which he is entitled under his petition. Upon due consideration it is concluded and held that the respondent has properly disallowed a deduction for 1945 in the amount of $1,831.66. This conclusion inevitably follows from failure of the petitioner to meet his burden of proof. Decision will be entered for the respondent.